UDALL SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Eli Enger (SBN 034242)
ete@udallshumway.com
Joel E. Sannes (SBN 015999)
jes@udallshumway.com
docket@udallshumway.com
*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In Re<br><br>NANKE SIGNATURE GROUP, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 3:26-05055-BKM<br><br>**DECLARATION OF JARED NANKE IN SUPPORT OF THE FIRST DAY MOTIONS** |

I, Jared Nanke, hereby declare under penalty of perjury of the laws of the United States of America, as follows:

1. I am an adult resident of Yavapai County, Arizona.

2. I am the Chief Financial Officer of Nanke Signature Group, LLC ("Nanke") the debtor-in-possession in the above captioned bankruptcy case.

3. I am authorized and competent to make this declaration in support of the Debtor's Motion for Order Authorizing Debtor's Use of Cash Collateral (the "Cash Collateral Motion").

4. The statements contained herein are accurate to the best of my knowledge and, unless otherwise indicated, are based upon my personal knowledge. Any legal conclusions contained herein are made based upon my understanding of the law and pertinent circumstances.

5. I have read the Cash Collateral Motion and am familiar with its contents.

6. Nanke is authorized to operate its business as the debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

## FACTS

### The Debtor's Background

7. The Debtor is a family-owned and managed Arizona limited liability company that has been in business since 2015.

8. The Debtor used to operate under the name Nanke Luxury Homes.

9. The Debtor's shareholder is John Nanke.

10. The Debtor employs 10 full-time employees and has an annual payroll exceeding $700,000, the family-owned company supports several families throughout the North Arizona area.

11. In 2024, Nanke generated approximately $12.7 million in gross revenue.

12. In 2025, Nanke generated approximately $5.5 million in gross revenue.

13. From January 1, 2026 to the Petition Date, the Debtor has generated approximately $948,823 in revenue.

14. As of the Petition Date, the Debtor had approximately $53,398 in outstanding accounts receivable, most of which, if not all, is considered collectable.

15. The Debtor has future work under contract that should allow it to generate revenue of $1.5 million in the next six (6) months.

16. Other than accounts receivable, the Debtor's assets include those assets identified on the Debtor's schedules A/B.

17. Nanke continues to be a preferred builder of high quality residential homes throughout Arizona.

18. The Debtor operates from real property which it leases located at 220 W. Goodwin Street, Suite 7, Prescott, Arizona 86303 and accompany property located at 220 W. Goodwin Street, Suite 9 and 10-H, Prescott, Arizona 86303 (collectively the "Property").

**Events Leading To Bankruptcy**

19. Prior to the Petition Date, the Debtor was named as the defendant in various lawsuits.

20. On or around December 19, 2025, a judgment was entered by the Maricopa County Superior Court against the Debtor totaling approximately $991,152.60 (the "Knox Judgment").

21. The Debtor has been the subject of collection efforts by a creditor as a result of the Knox Judgment.

22. In addition, the Debtor has been named as a defendant in another lawsuit pending before the Yavapai County Superior Court.

23. Debtor's revenue has also declined below historical norms over the last eighteen months.

24. As a result of litigation expenses, collection efforts by creditors, and declining revenue, the Debtor opted to file for bankruptcy protection to resolve its outstanding debts and the collection efforts against it in an orderly manner and in a manner that will minimize the impact to the going concern of the Debtor's business.

**Debtor's Bankruptcy Filing, Assets, And Debts**

25. On May 21, 2026 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Arizona seeking relief under chapter 11, subchapter V of the bankruptcy code.

26. The subject matter of this Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

27. Based upon the Debtor's records and a search of the Arizona Secretary of State, the Debtor believes the following creditor (generally, the "Secured Creditor") may hold a perfected security interest in cash collateral representing proceeds of pre-petition collateral.

| **Creditor/ Representative** | **UCC Recording No.** | **Filing Date** | **Claim (Est.)** |
|---|---|---|---|
| Kapitus | 2025-002-6778-2 | 07/11/2025 | $131,342.50 |

28. Upon information and belief, Kapitus is the Debtor's only known creditor that asserts a secured claim.

29. As a service business that generates cash flow to pay its ongoing obligations in the ordinary course of its business, the Debtor must use the revenue, proceeds, and/or income generated through the operation of its business to pay its ordinary and necessary operating expenses in an effort to generate income. Such expenses include, but are not limited to, payroll, costs of goods sold, taxes, utilities, and its lease obligations.

30. The Debtor reserves the right to dispute the above stated amounts owed to the Secured Creditor(s).

31. In addition, upon information and belief, all secured creditor(s) assert they are owed approximately $131,342.50.

32. Upon information and belief, all unsecured creditor(s) assert they are owed approximately $1,530,584.96.

33. The Debtor disputes the amounts owed to secured creditor(s).

34. The Debtor contends that creditors asserting a lien in the Debtor's revenues and/or income, are adequately protected by the value of Debtor's continued post-petition operation and through a replacement lien (with the same validity, extent, and priority as any secured creditors' respective pre-petition liens) in post-petition revenue and/or income to the extent that their respective interests in the pre-petition revenue and/or income are diminished.

35. Through this Motion, the Debtor does not concede: (1) the validity, enforceability, extent, amount or priority of any secured creditor's asserted claim(s) or

lien(s) allegedly secured by the Debtor's assets; (2) that any secured creditor' properly encumbered the Debtor's personal property, revenues, income, accounts receivable, work-in-progress, equipment, inventory, or other assets; or (3) that the Debtor's income and proceeds from its accounts receivable, work-in-progress and inventory constitute cash collateral. Accordingly, the Debtor expressly reserves any and all rights to contest any alleged liens and to object to the claims related to such liens.

36. The Debtor created a projected budget that estimates income and expenses from the Petition Date and through ninety (90) days thereafter (the "Projected Budget"). The Projected Budget is attached hereto as **Exhibit A**.

37. Accordingly, the Debtor requests the Court approve the Proposed Budget to pay the Debtor's operational expenses that arise in the ordinary course of the Debtor's business through August 10, 2026. The Debtor also requests the Court permit the Debtor to deviate from the Proposed Budget by up to ten percent (10%).

38. The Debtor asserts the creditors asserting a lien in the Debtor's revenues and/or income, are adequately protected by the value of Debtor's continued post-petition operation and through a replacement lien (with the same validity, extent, and priority as any secured creditors' respective pre-petition liens) in post-petition revenue and/or income to the extent that their respective interests in the pre-petition revenue and/or income are diminished.

39. Without the use of cash collateral to pay its ongoing and ordinary expenses, the Debtor will not be able to: (1) maintain its going concern value; (2) pay for the goods needed to render services that generate revenue; (3) pay its employees' wages to render

services on behalf of the Debtor to generate post-petition revenue; and/or (4) successfully reorganize.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**DATED** this 26 May 2026.

By /s/*Jared Nanke*
Jared Nanke
*Chief Financial Officer*
*of Debtor*

Original of the foregoing filed electronically
this 26 May 2026 with:

Clerk, U.S. Bankruptcy Court
District of Arizona
230 North 1st Avenue, No. 101
Phoenix, AZ 85003

COPY emailed and/or mailed this same date to:

U.S. Trustee's Office
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003-1706
Patty.Chan@usdoj.gov

And mailed or emailed to:

ALL CREDITORS ON MAILING LIST

By: /s/*Julie Donnelly, CP*
12226151.1/123697.2