**ORDERED ACCORDINGLY.**

**Dated: July 1, 2026**

**Brenda K. Martin, Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>NANKE SIGNATURE GROUP, LLC<br><br>Debtor. | Chapter 11<br><br>Case No: 3:26-05055-BKM<br><br>**FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL** |

This matter, having come before the Court upon the *Motion for An Order authorizing Debtor's Use of Cash Collateral* (the "Cash Collateral Motion") Doc. No. 9, filed by Nanke Signature Group, LLC (the "Debtor") in the above-captioned bankruptcy proceeding, and an expedited hearing on the Cash Collateral Motion having occurred on May 29, 2026, and it appearing that the relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor, and with good cause appearing,

THE COURT FINDS AND CONCLUDES AS FOLLOWS:

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.
2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.
3. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).
4. Debtor provided adequate and proper notice of the Cash Collateral Motion.

5. Good cause exists to grant the relief herein.

6. Kapitus claims a lien against the Debtor's assets for repayment of prepetition debt related to obligations arising under certain Loan Agreements between Kapitus and Debtor dated July 10, 2025, and October 14, 2025 (the "Loan Documents"). Kapitus alleges that it holds a valid and perfected first position lien and security interest on all of the Debtor's assets, including proceeds, which constitute cash collateral as defined in 11 U.S.C. § 363(a).

7. Based on all matters of record in this case, the Court finds and concludes that Debtor's continued use of cash collateral is in the best interests of the Debtors, their estate, and their creditors. Accordingly,

**IT IS HEREBY ORDERED AS FOLLOWS:**

8. The Motion is GRANTED, on an interim basis through August 31, 2026, subject to the terms and conditions set forth herein;

9. The Debtor is authorized to use their cash collateral for the payment of ordinary and necessary post-petition operating expenses, in accordance with this Order and the Budget attached hereto as **Exhibit A**, and only for the purposes specified in the Budget, through the end of the day on August 31, 2026. The Debtor shall not, in the aggregate, for any particular operating month, exceed the projected aggregate expenses set forth in the operating budget by more than 10%. If the Debtor's expenditures are below Budget in any given month, the amount of such savings shall be available to the Debtors during the immediately following month.

10. The Debtor's use of Cash Collateral shall be limited strictly to items and amounts set forth in the Budget and this Order except as otherwise specifically stated in this Order.

A. In addition, the Debtor shall make adequate protection payments to Kapitus for the following amounts during the term of this Cash Collateral Order: (1) $5,000 due on or before June 30, 2026; (2) $10,000 due on or before July 31, 2026; and

(3) $15,000 due on or before August 31, 2026. In the event the Debtor fails to timely make any monthly payment, Kapitus may, after providing the Debtor notice and a ten (10) day cure period, move for an expedited hearing to determine the appropriate relief for such payment default. These adequate protection payments shall be applied to the Debtor's obligations to Kapitus in accordance with the Loan Agreements. All payments by Debtor to Kapitus shall be remitted via wire payment in accordance with instructions provided by Kapitus to the Debtor or by other means acceptable to the parties. No other claimants shall receive any adequate protection payments unless otherwise ordered by the Court.

11. As adequate protection of their interests in cash collateral, under 11 U.S.C. § 552 and on an interim basis, Kapitus is also granted a replacement lien in the Debtor's post-petition assets to the same extent, validity, and priority as its pre-petition security interests held as of the commencement of this case. Such perfection shall continue in the event of any conversion of this case to chapter 7, the appointment of a trustee, or dismissal of this Bankruptcy Case. The Debtor and Kapitus expressly reserve their respective rights under governing agreements, the Bankruptcy Code, or other applicable law. All parties have reserved all claims, rights, remedies, or defenses concerning the Debtor's use of cash collateral. Nothing in this Order shall be construed to overrule or determine any party's previously filed objection(s) or the arguments therein.

12. The Debtor acknowledges that it has hereby waived the right to surcharge all Collateral, including but not limited to the Cash Collateral, under § 506(c) of the Bankruptcy Code.

13. The rights of the Debtor, any creditor, or party in interest, whether formal or informal, to dispute or challenge the validity, perfection, extent, amount and priority of Kapitus's claims and liens (a "**Challenge**") are expressly preserved for sixty (60) days from the date that the Court has approved this Order or, in the case of the appointment of a chapter 7 trustee, sixty (60) days from the date of the chapter 7 trustee's appointment ("**Challenge Period**"). Upon the expiration of the Challenge Period ("**Challenge Period**

**Deadline**"), without the filing of a Challenge: (a) any and all such Challenges by any party (including, without limitation, any trustee, and/or any other estate representative appointed in this chapter 11 case, and any chapter 7 trustee or other estate representative appointed in any successor case), shall be deemed to be forever waived, released and barred, and (b) Debtor affirms and acknowledges (i) that all of its obligations to Kapitus and that the liens granted to Kapitus under its Loan Documents are valid, continuing, perfected, enforceable, first in priority security interests granted by the Debtor on all of the Debtor's assets and personal property, (ii) that Kapitus holds a valid and perfected first position lien and security interest on all of the Debtor's assets, including proceeds, and (iii) Kapitus has a valid, properly perfected, and enforceable lien on all property of the Debtor and the estate.

The Court retains jurisdiction with respect to all matters arising from or related to this Order.

CONSENT GRANTED BY:

By: *s/Scott Brown*
Scott Brown
ACB Law Group
Counsel for Creditor, Kapitus
sbrown@acblawgroup.com

**SIGNED AND DATED ABOVE**