Kristyne M. Schaaf-Olson, Esq. / AZ State Bar No. 032767
SCHAAF-OLSON LAW FIRM, P.L.L.C.
Attorney At Law
100 E Union Street, Suite 200
Prescott, Arizona 86303
(928) 224-3305
admin@schaafolsonlaw.com

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>NANKE SIGNATURE GROUP,<br><br>Debtor, | Case No. 3:26-bk-05055-BKM<br><br>**DECLARATION OF STEVE BAUM AND BERTHA RODRIGUEZ IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| STEVE BAUM and<br>BERTHA RODRIGUEZ,<br><br>Movants,<br><br>v.<br><br>NANKE SIGNATURE GROUP, LLC,<br><br>Respondent. | |

We, Steve Baum and Bertha Rodriguez, declare as follows. Each statement below is based on our personal knowledge, our participation in the construction project, or our review of records maintained in connection with the project, except where expressly identified as information provided to us by counsel. We could competently testify to the matters stated herein.

///

1. We are the owners of the real property located at 3401 N. Iowa Claim Road, Prescott, Arizona 86305, Yavapai County Assessor Parcel No. 100-01-161E (the "Property").

2. On or about March 12, 2025, we entered into a written Construction Contract with Nanke Signature Group, LLC ("Nanke") for construction of improvements on the Property (the "Contract"). A true and correct copy of the Contract is submitted with the Motion as Exhibit A.

3. The Contract requires Nanke to supervise and direct the construction work. Section Twelve(B) provides a procedure under which we may give Nanke written notice of persistent failures to complete the work and an opportunity of fourteen calendar days to cure or take reasonable steps toward cure.

4. The project has experienced substantial delays and interruptions, and the residence and associated improvements remain unfinished. The last construction work performed by Nanke, as general contractor, and Aspen Creek Builders, as framing subcontractor, occurred on or about July 14, 2026. As of that date, substantial framing work remained incomplete, including several interior and exterior walls, portions of the master bathroom and closet flooring, and the entire roof structure. We estimate that approximately 50% of the structural framing has been completed. We have also observed apparent framing deficiencies. The unfinished structure remains exposed to weather conditions without a completed roof or other adequate weather protection. The Property is situated on a mountainside at approximately 6,300 feet in elevation, where weather conditions and exposure make temporary tarping impractical as a long-term protective measure. We are concerned that

continued exposure to precipitation and moisture may necessitate significant repair or replacement of framing and flooring materials and jeopardize our investment in the project.

5. We have concerns regarding payments to subcontractors and suppliers and the documentation of project expenditures, as described in our September 23, 2026, Notice of Default.

6. On September 23, 2026, through our attorney, we sent Nanke a written Notice of Default identifying the contractual defaults and requesting corrective action and specified project records. We have reviewed that Notice, a copy of which is submitted with the Motion as **Exhibit B**.

7. The fourteen-calendar-day period specified in the Notice expired on October 7, 2026.

8. Since delivery of the Notice, we have not observed and there has not been completion of the corrective work identified.

9. As of the date we sign this Declaration, we have not received a concrete schedule or plan from Nanke identifying reasonable steps to cure the defaults.

10. We have not received the complete project accounting, supporting payment records, subcontractor and supplier information, lien documentation, and plans and selections requested in the Notice.

11. We received and reviewed the October 19, 2026, written statement entitled "Construction Moisture Concerns & Recommended Protective Actions" prepared by G. Salisbury & Assoc., Inc., concerning the Property. A true and correct copy of the statement,

including its accompanying photographs, is provided as Exhibit 1 to Mr. Salisbury's Declaration.

12. The photographs included with the Salisbury statement depict exposed wood framing and structural subfloor sheathing, with standing water and visibly wet or darkened areas.

13. The Salisbury statement recommends prompt measures to limit additional water intrusion, including safe removal of standing water, temporary weather protection, drainage and ventilation, and an independent assessment with moisture measurements before affected materials are concealed. We understand that the statement does not establish structural damage, mold, or the need to replace any particular materials at this time.

14. We are concerned that further delay will leave the unfinished structure exposed to additional weather conditions and increase the expense and scope of work necessary to protect and complete the Property. We have already undertaken protective and corrective measures, including additional excavation and grading to divert surface water and address visible erosion affecting the construction area. We have also performed site cleanup to address construction debris left by Nanke that resulted in a code violation identified by the Yavapai County Planning and Building Department. Additionally, we have sorted and separated abandoned lumber to identify materials that remain salvageable and those that cannot be used, resulting in additional labor and material expenses. We anticipate incurring further expenses for framing labor and materials, including work for which we previously paid Nanke. These expenses and corrective measures have arisen while the project remains incomplete and exposed to further deterioration.

15. We wish to exercise our contractual right to terminate Nanke's Contract and retain a replacement contractor to complete the project but have refrained from proceeding with a replacement contractor pending resolution of the bankruptcy automatic-stay issue.

16. We understand our attorney contacted Nanke's bankruptcy counsel seeking a consensual termination and orderly transition, that counsel indicated a response would be forthcoming, and that no substantive response has been received.

17. We request that the Bankruptcy Court grant relief from the automatic stay so that we may exercise our termination rights, arrange for qualified inspection and weather protection, and proceed with a replacement contractor. We also request that any order granting relief become effective immediately because the photographs and consulting recommendations identify conditions requiring prompt assessment and protection against further moisture exposure.

We declare under penalty of perjury that the foregoing is true and correct.

DATED this 30 day of October, 2026.

Steve Baum

Bertha Rodriguez

Bertha Rodriguez